UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        vs.<br><br>ELENA IBARRA,<br><br>                              Defendant. | CASE NO. 13-cr-3170-GPC<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR REIMBURSEMENT OF TRANSPORTATION EXPENSES**<br><br>**(ECF NO. 88.)** |

## I. INTRODUCTION

This matter comes before the Court on Elena Ibarra's ("Defendant") Request for Reimbursement of Transportation Expenses. (ECF No. 88, "Request for Reimbursement".) Defendant requests reimbursement for hotel and subsistence costs expended by counsel for Defendant while she remained in San Diego, California in order to attend trial and for transportation home after the trial ended. (ECF No. 88 at 1.) The United States of America ("Plaintiff") has filed a response in opposition to Defendant's Request for Reimbursement. (ECF No. 90.) A hearing was held on August 21, 2014. Defendant waived her appearance but was represented by her attorney, John Ellis, and the Government was represented by Assistant U.S. Attorney Patrick Bumatay. For the reasons set forth below, the Court **DENIES** Defendant's Request for Reimbursement.

## II. BACKGROUND

On June 21, 2013, Defendant was arrested at the U.S. Border Patrol Checkpoint on Highway 86 near Westmorland, California for driving a vehicle loaded with 3.86 kilograms of methamphetamine. Defendant, a resident of Calexico, California, was charged with Possession of Methamphetamine with Intent to Distribute in violation of Title 21, United States Code, § 841(a)(1) in Case No. 13-CR-2641. Defendant filed a financial affidavit indicating that she was employed as a care provider and earned approximately $200 and received $194 in food stamps per month. Finding Ms. Ibarra indigent, the Court appointed Federal Defenders, Inc. to represent Ms. Ibarra. On June 26, 2013, Ms. Ibarra was released from custody on a $10,000 personal surety bond and returned to her home in Calexico. The case was eventually set for trial commencing on June 23, 2014.

On June 16, 2014, at the request of the Defendant, the Court issued an order directing the United States Marshal's Service to cover Ms. Ibarra's travel from Calexico to San Diego and lodging during the course of trial. (ECF No. 58.) Thereafter, on June 17, 2014, the Court filed an amended order, pursuant to 18 U.S.C. § 4285, requiring the U.S. Marshal: (1) to provide one-way, non-custodial travel and subsistence from Calexico, California to San Diego, California in order to allow Ms. Ibarra to appear at all required court appearances; or (2) furnish her fare for such travel and subsistence by reimbursement to Ms. Ibarra upon provision of receipts. (ECF No. 61.)

Trial commenced on June 23, 2014 and concluded on June 26, 2014 when Ms. Ibarra was found guilty of possession of methamphetamine with intent to distribute. At no time prior to or during the trial did Defendant notify the Court that she was without lodging in San Diego, or ask the Court to modify its trial schedule in order to accommodate Ms. Ibarra and her proposed travel schedule. Instead, Federal Defenders arranged for Ms. Ibarra to stay at a downtown San Diego hotel at a cost of $400 and paid for Ms. Ibarra's bus ticket to El Centro. On July 11, 2014, Defendant filed the instant motion seeking reimbursement for expenses for her lodging in San Diego and

for bus transportation from San Diego to Calexico.

## III.  DISCUSSION

The Defendant seeks reimbursement of her lodging and travel expenses based on her Fifth Amendment right to due process and equal protection and her Sixth Amendment right to present a meaningful defense.  She contends that the necessary funds are available from any one of the following sources: (1) the Criminal Justice Act, 18 U.S.C. § 3006A; (2) the All Writs Act, 28 U.S.C. § 1651; or (3) the U.S. Attorney's Office. (ECF No. 88 at 4.)

**A.    18 U.S.C. § 4285**

18 U.S.C. § 4285 provides that when an indigent defendant is released pending a court appearance, a judge "may, when the interests of justice would be served thereby" direct the Marshal to arrange for or pay for transportation "to the place where his appearance is required" and "furnish [defendant] with an amount of money for subsistence expenses to [her] destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code." § 4285 authorizes only an order directing the Marshal to transport defendants to court.  It does not provide judicial authority to require payment for lodging or food during a trial.  The legislative history of § 4285 authorizes the payment of subsistence expenses "for the time during which the defendant is actually travelling."  See H.R.Rep. No. 95-1653, 95th Cong., 2d Sess. at 3 (1978), U.S.Code Cong. & Admin.News 1978, pp. 3732, 3733 ("Subsistence shall terminate upon arrival at the defendant's destination and shall not continue throughout the defendant's stay at that destination."). Numerous courts have concluded that § 4285 does not authorize the United States Marshals Service to provide subsistence expenses to a defendant for lodging during a trial, nor for travel back to his or her residence. United States v. Centeno, No. 09CR3120-L, 2009 WL 3334144, at *1 (S.D. Cal. 2009); United States v. James, 762 F. Supp. 1, 2 (D.D.C. 1991) ( "while the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the

trial or hearing"); <u>United States v. Haley</u>, 504 F.Supp. 1124, 1129 (E.D.Pa.1981) ("[T]he statute does not authorize subsistence funding for defendants once they arrive at the place of trial and during trial, which could be extended."); <u>United States v. Sandoval</u>, 812 F.Supp. 1156, 1157 (D. Kan.1993) ("[W]hile the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching [the place of trial.]").

In this case, the Amended Order for Reimbursement complied with § 4285 and Ms. Ibarra does not claim that § 4285 provides a statutory basis to cover her expenses.

**B.     Reimbursement under the Criminal Justice Act**

The Criminal Justice Act provides, in relevant part: "Counsel for a person who is financially unable to obtain investigative, expert, <u>or other services necessary for adequate representation</u> may request them in an ex parte application." 18 U.S.C. § 3006A (emphasis added). The language of § 3006A does not identify lodging or transportation as a service "necessary for adequate representation." Defendant seeks reimbursement from the Criminal Justice Act funds on the theory that her lodging and round-trip transportation expenses are covered as "other services necessary for an adequate representation."

In response, the government asserts that the Criminal Justice Act "was not created to provide defendants reimbursement for all costs associated with trial, but to ensure the protection of their right to 'adequate representation' under the Sixth Amendment. (ECF No. 90 at 8) (quoting 18 U.S.C.A. § 3006A).

Defendant relies on <u>United States v. Mendoza</u>, 734 F. Supp. 2d 281 (E.D. N.Y. 2010) to support her position. In <u>Mendoza</u>, the trial court was faced with defendants who lived in California and were charged in New York. 734 F. Supp. 2d at 282. By the time of trial, defendants were unemployed and could not afford to travel to the court in New York. <u>Id</u>. at 283. The <u>Mendoza</u> court construed the term "other services" broadly to include lodging for a defendant during trial. The court observed that

payment for lodging for a defendant who would otherwise be homeless could be said to be necessary "for an adequate representation" because a defendant who sleeps on the streets is not going to be fit for a trial the next morning. Id. at 282. The court admitted that its interpretation was tortured and reluctantly authorized payment for lodging from the Criminal Justice Act funds because lodging was necessary for adequate representation under § 3006A.

Meanwhile, in the instant case, Defendant was charged in the Southern District of California, the district where she resides and committed the crime for which she was prosecuted and convicted. She asserts that she concluded that she had no options but to stay in San Diego during trial given that the first bus from Calexico arrived in San Diego at 9:50 a.m. However, had Ms. Ibarra notified the Court that she lacked funds for lodging, the Court would have sought to identify a workable solution, including possible Pretrial Services temporary accommodations under 18 U.S.C. § 3154(4)[1] or moving the start time of trial from 9:00 a.m. to 10:30 a.m. The Court recognizes that starting trial later in the morning is not an efficient use of court resources or of the jury's time, however in cases such as this, it was an option.

The dilemma presented in Ms. Ibarra's case is not new. In 1993, the Committee to Review the Criminal Justice Act (the "Prado Committee") conducted a comprehensive analysis of the CJA program in order to recommend appropriate legislative, administrative and procedural changes. The Prado Committee noted the lack of any provision for subsistence expenses, or even for return travel. See Report of the Committee to Review the Criminal Justice Act of 1964, Recommendation D–2. The Judicial Conference then recommended that 18 U.S.C. § 4285 "be amended to give the presiding judge discretion in appropriate circumstances to order that funds be

---

[1] The Pretrial Services Act, 18 U.S.C. §§ 3152–3156, requires the Pretrial Services Agency to provide food and shelter to indigent defendants during trial. See United States v. Gunderson, 978 F.2d 580, 584–85 (10th Cir.1992); see also United States v. Stone, 2012 WL 345267, at *2 (E.D. Mich. Feb. 1, 2012); United States v. Nave, 733 F.Supp. 1002, 1003 (D.Md.1990) (noting indigent defendants may "make arrangements through the Pre–Trial Services Agency for lodging in some appropriate facility, such as a half-way house").

provided to CJA eligible person for travel to and from court proceedings and related consultations and for subsistence during court and related proceedings." Report of the Judicial Conference of the United States on Federal Defender Program, March 1993, at 35.  In the <u>Mendoza</u> case, Judge Gleeson observed that many years after the 1993 Judicial Conference recommendation, the subsistence gap remained unfilled and called upon Congress to fill the travel expense void. <u>Mendoza</u>, 734 F. Supp.2d at 287.  To date, the problem remains unsolved.  However, the Court concludes that in the present case, options existed to avoid violating any due process or equal protection rights of the Defendant.  While those options would have created inefficiencies, they do not rise to the level requiring the Court to rely on § 3006(A) as the basis for reimbursement.

**C.   Reimbursement under the All Writs Act**

Next, Defendant seeks reimbursement of travel expenses under the All Writs Act, 28 U.S.C. § 1651.  Defendant argues that the Court has inherent power to remedy constitutional violations when an effective statutory remedy is absent under the authority of <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 392 (1971) ("where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief")  The Defendant continues that the All Writs Act authorizes the Court to take the requested action necessary to aid in exercise of its jurisdiction.  (ECF No. 92-1 at 5.)

The Government argues that the All Writs Act is an extreme remedy and does not apply in the instant case. <u>See</u> <u>Lampman</u> v. <u>United States Dist. Court for Cent. Dist.</u>, 418 F.2d 215, 217 (9th Cir. 1969).  The Court finds that the Defendant has failed to prove that her federal protected rights were invaded in this case or that exceptional circumstances exist to justify the extreme remedy of the All Writs Act.

**D.   Reimbursement by the Government**

Lastly, the Defendant requests that the Court direct the Government to provide reimbursement funds under the holding in <u>United States v. Badalamenti</u>, 1986 WL

8309 (S.D.N.Y. July 22, 1986).  In Badalamenti, the defendants were residents of Illinois and were prosecuted in New York in a vast conspiracy trial that lasted more than a year.  In that case, the court directed the government to provide lodging or to pay for it given the "extraordinary circumstances of [that] trial" where the defendant was "required to attend trial a thousand miles from his home for over a year...." 1986 WL 8309, at *2.

The current case does not present such extraordinary circumstances. The entire trial lasted three days and Defendant was required to travel approximately 120 miles one way to be present at trial, rather than 1,000 miles. Cf. United States v. Stone, 2012 WL 345267, at *2 (E.D.Mich. Feb. 1, 2012) (extreme circumstances absent where trial scheduled to last no longer than eight weeks and Defendants would have to travel between 75 and 115 miles one way to be present). Moreover, Defendant failed to raise the lodging issue prior to incurring the lodging expenses and, thus, denied the Court the opportunity to explore solutions that would have avoided the lodging expenses. Given these circumstances, the Court DENIES the request to require the Government, as the prosecuting authority, to reimburse the Defendant for her lodging and return travel expenses.

## IV.  CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Court DENIES Defendant's Request for Reimbursement, (ECF No. 88).

**IT IS SO ORDERED.**

DATED:  September 2, 2014

HON. GONZALO P. CURIEL
United States District Judge